UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARTURO TORRES OCHOA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> COLEMAN, *et al.*, ) <br> ) <br> Defendants. ) <br> / | 3:10-cv-00363-RCJ-RAM <br><br> **ORDER** |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted (docket #1). The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

1  Allegations in a *pro se* complaint are held to less stringent standards than formal
2  pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S.
3  519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
4  Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the
5  prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal
6  conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of
7  infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual
8  allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever*
9  *v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Moreover, "a finding of factual frivolousness is appropriate
10 when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are
11 judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).
12 When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the
13 complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint
14 that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106
15 (9th Cir. 1995).

16 **II. Instant Complaint**

17  Plaintiff, who is detained at the Northern Nevada Correctional Center ("NNCC"), has
18 sued corrections officer Little and the following "officials:" Coleman, Tolbert, Radford, Sandanders,
19 and Voight. Plaintiff's complaint is a barely decipherable, stream-of-consciousness writing that at most
20 possibly intimates that prison staff has verbally harassed him since the time he filed a *habeas corpus*
21 petition. He purports to set forth fourteen counts; for each count he lists as the civil rights violation the
22 following: "action have had been civil rights violate *standing*."

23  The court notes plaintiff's significant history as a litigant before this court. Court records
24 indicate that plaintiff filed two actions in this court in 2002, both of which were dismissed for failure
25 to state a claim. (*See Ochoa v. Cook, et al.*, 3:02-cv-00450-DWH-RAM; *Ochoa v. Willis, et al.*, 3:02-cv-
26 ///

2

1  00545-ECR-VPC.) Plaintiff has filed at least seven actions in this court since April 2010; six of those
2  have been filed in June and July 2010.
3        Here, the court finds that plaintiff's allegations are fantastic, delusional and irrational.
4  Even if plaintiff is trying to claim that staff is verbally harassing him--which is the only potential claim
5  the court could possibly discern from this complaint--mere verbal harassment or abuse is not sufficient
6  to state a constitutional deprivation under 42 U.S.C. § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136,
7  139 (9th Cir. 1987); *see also Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part by*
8  *Shakur v. Schiriro*, 514 F.3d 878 (9th Cir. 2008). This complaint must be dismissed with prejudice as
9  frivolous, as it is clear from the face of the complaint that the deficiencies cannot be cured by
10 amendment.

**III. Conclusion**

11
12       **IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma*
13 *pauperis* (docket #1) without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be
14 required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to
15 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is
16 permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or
17 the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the
18 issuance of subpoenas at government expense.
19       **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the
20 Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk
21 of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the
22 account of Arturo Torres Ochoa, **Inmate No. 56251** (in months that the account exceeds $10.00) until
23 the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the
24 attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box
25 7011, Carson City, NV 89702.
26 ///

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint (docket #1-1).

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED with prejudice** as delusional and factually frivolous.

**IT IS FURTHER ORDERED** that the "letters" filed by plaintiff (docket #s 3, 4, 5, 7, 8, 9, 10, 11, 12) as well as the affidavit filed by plaintiff (docket # 6) are **STRICKEN**.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

DATED this 20th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE